UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK LUECHTEFELD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1241 HEA |
| | ) | |
| UNUMPROVIDENT CORP., | ) | |
| | ) | |
|     Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss Counts II, III, V, and VI of the Complaint. Plaintiff has not responded to the Motion in accordance with the Court's Local Rules. For the reasons set forth below, the Motion is granted.

## **Facts and Background**

Plaintiff filed this action alleging various claims against defendant based on four disability insurance policies issued by defendant. The Complaint alleges that in August, 2002, plaintiff ceased his medical and surgical practice due to a medical condition. Plaintiff submitted a claim for disability benefits under the policies. According to the Complaint, plaintiff received benefits under the policies from January, 2003 until December, 2003, at which time, the payments under the policies ceased.

The Complaint contains six separate counts. Count I is brought under a breach of contract theory; Count II is based on a theory of a breach of a fiduciary duty; Count III is brought to recover for an alleged breach of a covenant of good faith and fair dealing; Count IV is a claim for vexatious refusal to pay; Count V is brought to recover for defendant's "bad faith" in refusing to make payments under plaintiff's policies; and Count VI is a count for punitive damages.

Defendant moves to dismiss Counts II, III, V and VI[1] for failure to state a cause of action, presumably under the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d

---

[1] Defendant does not move to dismiss Counts I and IV, and has filed an answer with respect to these counts.

897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

## Discussion

The Court's jurisdiction in this matter is based on diversity of citizenship. As such, the Court applies substantive Missouri law. *General Elec. Capital Corp. v. Union Planters Bank, N.A.,* 409 F.3d 1049, 1053 (8th Cir.2005)( "In diversity cases, we apply the substantive law of the state in which the district court sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). " ).

Defendant moves to dismiss these counts arguing that Missouri law does not recognize a cause of action for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, bad faith, and punitive damages/aggravating

circumstances in the context of first party actions against insurance companies. Rather, defendant argues that plaintiff's recovery under Missouri law is limited to actions for breach of contract and vexatious refusal to pay. The Court agrees.

> No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured. For instance, in *Catron v. Columbia Mutual Ins. Co.,* 723 S.W.2d 5 (Mo. banc 1987), this Court refused to allow a *prima facie* tort claim by an insured against the insurer.
>
> \* \* \* \* \* \* \* \* \*
>
> Here, however, there is no representation by the insurance company as to claims by third parties. The claim here is by the insured against the insurance company for the policy benefit; the insured's remedy is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute. *See Zumwalt,* 228 S.W.2d at 756.

*Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 67-68 (Mo. 2000).

Plaintiff attempts to state various claims against defendant under tort theories of recovery. Missouri law does not provide for such claims. As such, plaintiff cannot state a claim against defendant.

### **Conclusion**

Based upon the foregoing analysis, Counts II, III, V, and VI fail to state a claim upon which relief may be granted under the standards set forth in the authority construing Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion is well taken and will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss Counts II, III, V, and VI of the Complaint, [Doc. No. 5], is granted.

**IT IS FURTHER ORDERED** that Counts II, III, V, and VI of plaintiff's Complaint are dismissed.

Dated this 9th day of November, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE