IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK LUECHTEFELD,<br><br>  Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>  Defendant. | )<br>)<br>)<br>) Cause No.: 4:06CV01241HEA<br>)<br>)<br>)<br>)<br>)<br>) |

**AGREED ORDER REGARDING**
**CONFIDENTIALITY AND RETURN OF DOCUMENTS**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect material entitled to be kept confidential, and to ensure that protection is afforded to materials entitled to confidentiality, the parties, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby stipulate and this Court hereby orders as follows:

IT IS HEREBY ORDERED:

1. To ensure the protection of the parties' trade secrets or other confidential research and development, financial, or commercial information and the privacy of health information of patients treated by any healthcare provider or facility related to this lawsuit ("Patient" or "Patients") pursuant to the regulations issued by the United States Department of Health and Human Services governing the Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164), issued pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 2024 (Aug. 21, 1996) ("HIPAA"), and the federal laws related to alcohol and drug abuse treatment records as

mandated by 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3, respectively, and the regulations promulgated pursuant to the authority granted therein found at 42 C.F.R. Part 2, the parties have agreed to the conditions set forth in this Order to maintain the confidentiality of such information, as otherwise required by 45 C.F.R. § 164.512(e) and all other applicable laws.

2. In connection with discovery furnished after the date of this Agreed Order Regarding Confidentiality and Return of Documents (the "Order") by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Order if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects Confidential Business Information or Confidential Protected Health Information, each as hereafter defined.

3. The term "Confidential Business Information" means information, in any medium, which contains or reflects trade secrets or other confidential research, development, financial or commercial information. The term "Confidential Protected Health Information" shall have the meaning ascribed to "Protected Health Information" in HIPAA and the federal regulations promulgated pursuant to the authority granted therein. Confidential Business Information and Confidential Protected Health Information are referred to collectively in this Order as Confidential Information.

4. This Order shall govern all Confidential Information, in whatever form (including, without limitation, documents and deposition testimony), generated, disclosed or obtained during the course of discovery in this action.

5. Any documents to be designated as "Confidential Information" may be so designated by stamping the documents with the legend "Confidential" prior to their production.

Any party may designate any or all portions of any deposition transcript as "Confidential" by written notice on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment. Such designation must be made within seven (7) days of the receipt of the transcript. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

6. In the event that any party objects to the designation of any documents as "Confidential," that party may serve written notice on all parties specifying which documents are improperly designated (including a statement of the legal and factual basis for the objection). During the five (5) day period following service of such a notice, the parties shall confer in a good faith effort to resolve the objections. If the dispute is not resolved, the objecting party may thereafter file an appropriate motion to resolve whether the documents should be treated as "Confidential." The specified documents shall continue to be treated as "Confidential" pending resolution of the dispute by the Court.

7. Documents designated as "Confidential Information" (and any information contained therein or derived therefrom) may be disclosed or made available by the receiving party only to the following:

(a) The Court (including the Court's administrative and clerical staff), provided that they are filed under seal.

(b) Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

(c) The parties and indemnitors of the parties as well as those officers, directors, in-house attorneys, or employees of the parties and indemnitors who are actively involved in the

3

      Action or who are otherwise necessary to aid counsel in the Action.

(d)  Court reporters transcribing depositions in the Action.

(e)  Any deposition, trial, or hearing witness in the Action who previously has had access to the specific documents or who has otherwise acted as an agent, employee, consultant, or advisor to the party that produced the documents, materials, or information.

(f)  Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" and "Confidential Patient Information" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A.

(g)  Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

  8.  Documents designated as "Confidential Business Information" and/or "Confidential Protected Health Information" and information contained therein or derived therefrom (including depositions), shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

  9.  Within thirty (30) days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all documents produced in this Action and all copies thereof. Alternatively, the parties and their counsel may agree in writing

4

on appropriate alternative methods for the destruction of such documents. Within the same thirty (30) day period, counsel shall supply to the producing party copies of each statement in the form attached hereto as Exhibit A that were signed pursuant to paragraph 8 of this Order. Outside counsel of record for the receiving party may retain only one archival copy of: deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and "Confidential" and "Confidential Protected Health Information" documents to the extent they are included in such papers or reflected in that outside counsel's work product.

10. Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or "Confidential Protected Health Information" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

11. This Order may be amended or modified only by the Court or written agreement of the Parties.

12. If any party at a deposition, at trial or at a hearing in this matter seeks to offer into evidence or otherwise use any Confidential Business Information or Confidential Protected Health Information, it shall not lose its confidential status through such use.

13. All Confidential Business Information or Confidential Protected Health Information which is filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the title of this action, a general indication of the nature of the contents, the legend "CONFIDENTIAL" and the following statement: "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER." The Clerk of the Court is hereby

directed to maintain such Confidential Information in a separate portion of the Court files not available to the public.

14. The Court has reviewed the regulations promulgated by the United States Department of Health and Human Services governing the Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Parts 160 and 164), issued pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 2024 (Aug. 21, 1996) ("HIPAA") and the federal guidelines related to alcohol and drug abuse treatment records as reflected in 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3, respectively, and the regulations promulgated pursuant to the authority granted therein found at 42 C.F.R. Part 2 and hereby finds that disclosure, review and return of the documents under the terms of this Protective Order is not in violation of such regulations.

15. Documents subject to a claim of attorney-client privilege or work product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon notice to the receiving party that such information has been inadvertently or mistakenly produced and is subject to a claim of immunity or privilege, upon request, the information for which a claim of inadvertent or mistaken production is made shall be returned promptly and all copies of that document that may have been made shall be destroyed and the receiving party shall provide the producing party with written certification of such destruction. The party returning such information may thereafter move the Court for an Order compelling production of such information.

16. The production by any party of any "Confidential Business Information" or "Confidential Protected Health Information" documents during this Action without a

"Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential Information," and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential Information."

SO ORDERED:

*[signature]*
HON. HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By: *[signature]*
Dated: 8/15/07

FRANK LUECHTEFELD, M.D

By: *[signature]*
Dated: 2 Aug 07

Approved to form:

GRAY, RITTER, & GRAHAM, P.C.

By: *[signature]*
Maurice B. Graham
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620
(314) 241-4140 Facsimile

LEWIS, RICE & FINGERSH, L.C.

By: *[signature]* (mmg)
Robert J. Golterman, #47021
Winthrop B. Reed, III, #50721
500 N. Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600
(314) 241-6056 Facsimile

7

Attorney for Plaintiff                    Attorneys for Defendant

## EXHIBIT A

1. I, _____, residing at _____ have read the foregoing Agreed Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *Luechtefeld v. Provident Life and Accident Insurance Company*, No. 4:06CV01241HEA, United States District Court for the Eastern District of Missouri, Eastern Division. I agree to be bound by its terms with respect to any documents designated as "Confidential Information" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third party according to the terms of paragraph 9 of that Order.

2. I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential," that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____   _____
Signature                 Date